IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLAY L. KIMBLE, #20132104 | * | |
| Plaintiff/Petitioner | * | |
| v | * | Civil Action No. DKC-14-408 |
| STATE COMMISSIONER # 2112 | * | |
| Defendant/Respondent | * | |

***

## MEMORANDUM OPINION

Before the Court for preliminary screening is Glay Kimble's hybrid claim against "State Commissioner # 2112." ECF No. 1. Kimble alleges that on "12/12/14" he was brought before a Commissioner who declined to provide Kimble the services of court-appointed counsel and a preliminary hearing.[1] ECF No. 1 at p. 3. As redress, he ask for unspecified declaratory and injunctive relief and one million dollars in damages. *Id.*

Kimble's motion for leave to proceed in forma pauperis, ECF No. 2, shall be granted. Title 28 U.S.C. §§ 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This court is mindful of its obligation liberally to construe the pleadings of pro se litigants such as Kimble. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

---

[1] The court assumes Kimble meant December 12, 2013.

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Maryland's electronic court docket does not show any court proceedings relating to Kimble in recent years. Some matters, however, are sensitive and are not part of the electronic database. As it appears Kimble currently is held at the Wicomico County Detention Center and he initially appeared before a commissioner several months ago, the court assumes he is awaiting trial. To the extent Kimble asks for federal intervention in his ongoing criminal proceedings, his claim fails. Absent extraordinary circumstances not alleged here, federal courts may not interfere with pending state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 44 (1971), and federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir. 1989).

The United States Court of Appeals for the Fourth Circuit has recognized that *Younger* abstention is appropriate "in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Conversely, *Younger* abstention is not applied where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted).

To prevail under the bad faith exception, a litigant must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

To the extent that Kimble claims his state criminal proceedings violate his constitutional rights, "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).[2]

A pending state criminal proceeding clearly implicates an important state interest. The allegation that Kimble was not provided counsel during his initial appearance before a court commissioner is insufficient to demonstrate bad faith, and Kimble does not provide sufficient information with regard to the status of his pending charges.

For these reasons, this case will be dismissed without prejudice and this case closed by separate Order to follow.

Date: February 28, 2014         /s/
                                DEBORAH K. CHASANOW
                                United States District Judge

---

[2] Kimble may pursue redress in the state courts of Maryland as appropriate. This court expresses no opinion in regard to the merits of his claims.